UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA KOUNITSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 16-CV-03018-LHK<br><br>**ORDER RE: ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 7 |

    Before the Court is Plaintiff Elena Kounitski's ("Plaintiff's") Response, ECF No. 9, to the Court's Order to Show Cause why this case should not be dismissed for failure to timely serve Defendant pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), ECF No. 7. In the Order to Show Cause, the Court found that Plaintiff was required to serve Defendant by September 1, 2016, 90 days from the date the complaint was filed. *Id.* at 1. At the time the Court issued its Order to Show Cause, Plaintiff had not yet filed proof of service. *Id.* The Court ordered Plaintiff to respond by November 10, 2016 and set a hearing for the Order to Show Cause on November 17, 2016 at 2:00 p.m. *Id.* at 2.

    On November 10, 2016, Plaintiff filed a response to the Order to Show Cause. In the response, Plaintiff stated that Plaintiff "did attempt service in a timely manner." ECF No. 9, at 2.

1

Specifically, Plaintiff stated that Plaintiff's counsel "mailed copies of the Complaint, Scheduling Order, and Standing Orders for All Judges of the Northern District of California via Return Receipt Requested postal service" to Defendant. *Id.* Defendant received the mailing, but Defendant's counsel informed Plaintiff's counsel over the phone that the attempted service was not effective because the mailing had not included a summons. *Id.*

Plaintiff then attempted service again on October 19, 2016, "mailing copies of the Summons, Complaint, Scheduling Order, and Standing Orders . . . via Return Receipt Requested postal service." *Id.* The return receipt confirmed that Defendant received the mailing. *Id.* In Plaintiff's response, Plaintiff requested that the Court find good cause to extend the time for Plaintiff to serve the Defendant and file proof of service. *Id.*

On the same day that Plaintiff filed her response, Plaintiff also filed a "Certificate of Service," including certified mail receipts showing that Defendant received the summons and complaint on October 24, 2016. ECF No. 8. However, as noted on the Docket Entry for the Certificate of Service, Plaintiff never submitted a proposed summons and therefore the Court never issued a summons. *See* ECF No. 8 ("No summons issued"). After Plaintiff filed the complaint in this case, the Court issued a notice stating that "Counsel for plaintiff . . . is responsible for serving the Complaint . . ., Summons and the assigned judge's standing orders . . . . For information, visit *E-Filing a New Civil Case* at http://cand.uscourts.gov/ecf/caseopening." ECF No. 2. The *E-Filing a New Civil Case* website states that a plaintiff must file a proposed summons, after which "court staff will electronically issue summons and enter it on the docket." *E-Filing a New Civil Case*, http://cand.uscourts.gov/ecf/caseopening.

Rule 4(m) states in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." If the Plaintiff shows good cause, the district court *must* grant an extension of time. "Additionally, the rule *permits* the district court to grant an extension even in

2

Case No. 16-CV-03018-LHK
ORDER RE: ORDER TO SHOW CAUSE

the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (internal quotation marks and citation omitted).

In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001). "[G]ood cause generally means 'that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (Henderson, J.). Evasion of service can also constitute good cause. *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985). Mere attorney inadvertence, however, does not qualify as good cause. *Id.* at 372.

In the instant case, Plaintiff did attempt timely service. Nevertheless, either because of inadvertence or confusion about the requirements for service, Plaintiff failed to effectuate service at that time because Plaintiff did not include a summons in the certified mailing. ECF No. 9, at 2. Plaintiff then attempted service again on October 19, 2016, after Plaintiff learned that Defendant had not received a summons. *Id.* Again, however, either because of inadvertence or because of confusion about the requirements for service, Plaintiff failed to follow the Court's procedures for service and never filed a proposed summons.

Thus, Plaintiff's failure to meet the September 1, 2016 deadline may have involved some element of "attorney inadvertence." *Wei*, 763 F.2d at 372. Nevertheless, Plaintiff did attempt timely service, which gave the Defendant "actual notice" of the lawsuit. *Efaw*, 473 F.3d at at 1041. Additionally, the Court sees no prejudice that would result from granting an extension of time. *Id.*

Therefore, the Court declines to dismiss the instant case for failure to prosecute. Instead, the Court sets a deadline of December 1, 2016, by which the plaintiff shall file a proposed summons and serve the issued summons on Defendant. The hearing on the Order to Show Cause scheduled for November 17, 2016 at 2:00 p.m. is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
LUCY H. KOH
United States District Judge